FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| FREIGHT DRIVERS AND HELPERS LOCAL UNION NO. 557 PENSION PLAN<br>by its Trustee, William Alexander<br>9411 Philadelphia Road, Suite S<br>Baltimore, Maryland 21237<br><br>      Plaintiff,<br><br>v.<br><br>TWELVATINE NESBITT<br>33206 Wild Cherry Road<br>Baltimore MD 21244<br><br>      Defendant. | *<br>*<br>*   Civil Action No.<br>*<br>*<br>*<br>*<br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY JUDGMENT
## TO ENFORCE EMPLOYEE BENEFIT PLAN TERMS

### Nature of Action

1.  This is an action for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 for the purpose of determining questions of actual controversy among the parties as hereinafter appears, which questions relate to the terms of an employee benefit plan.

2.  The jurisdiction of this Court is based upon Section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

3.  This action is being brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) to obtain appropriate equitable relief to redress a violation of and enforce terms of the plan.

**Venue**

4. Venue in the District of Maryland is appropriate in this action under Section 502(e) of ERISA, 29 U.S.C. 1132(e) as it is in this judicial district where the plan is administered, the Plaintiff's claim first arose and continues to exist, and where the individual named as defendant maintains her residence and/or place of business.

**The Parties**

5. Plaintiff, Freight Drivers and Helpers Local Union No. 557 Pension Fund ("the Pension Fund") is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce, and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a). William Alexander is a duly appointed and authorized Trustee of the Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Fund which joint board is the plan sponsor of the Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6. Margaret Makel ("Ms. Makel"), was a participant and/or beneficiary in the Pension Fund until the date of her death, September 24, 2016, as the term is defined in Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

7. Twelvatine Nesbitt ("Ms. Nesbitt"), upon information and belief, is Ms. Makel's surviving niece.

8. M&T Bank account number 53675933, is the bank account in which Ms. Makel's pension checks were directly deposited by the Pension Fund.

9. At all relevant times the Freight Drivers and Helpers Local Union No. 557 Pension Fund Plan Document ("Plan Document") issued by the Pension Fund, provided for the following:

> The normal form of benefit payment under the Plan for a married Participant shall be a Qualified Joint and Survivor Annuity . . . A Qualified Joint and Survivor Annuity provides a lifetime pension for a married Participant plus a lifetime pension for the Participant's spouse, starting after the death of the Participant.

Plan Document, Article VI, Section 6.01(a); Section 6.02 (a).

10. Ms. Makel was a beneficiary under the Plan and was receiving the surviving spouse portion of a 50% joint and survivor annuity form of benefit. This benefit was payable only during her lifetime and was the actuarial equivalent to the normal form of benefit specified under the Plan.

11. Additionally, the Plan Document requires that "[p]ension payments shall end with the payment for the month in which the death of the Pensioner occurs" Plan Document, Article VIII, Section 8.01(c)

12. Further, in accordance with the terms of ERISA, the Fund's Agreement and Declaration of Trust charges the Trustees with the duty to recover all assets of the trust by stating: "No Employer, or Union, or Employees, or Participants and their Beneficiaries shall have any right, title or interest in or to the Trust Fund or any part thereof." Plan Agreement and Declaration of Trust, Article VII, Section 7.1.

13. The Plan Document reinforces the Agreement and Declaration of Trust, stating:

> No person other than the Trustees of the Plan shall have any right, title or interest in any of the income or property of the funds received or held by the Plan or for the Plan's account, and no person shall have any right to benefits provided by the Plan except as expressly provided herein.

Plan Document, Article VIII, Section 8.06.

### Facts

14.    Paragraphs 1-12 are hereby incorporated as if set out in full.

15.    Ms. Makel died on September 24, 2016.

16.    Ms. Nesbitt, upon information and belief, failed to notify the Pension Fund of her aunt's death.

17.    The Pension Fund learned of Ms. Makel's death, by an independent source, in January, 2017.

18.    The Pension Fund directly deposited four (4) monthly payments of $1,124.54 for a total of $4,498.16 into the M&T Bank account of Ms. Makel.

19.    Upon information and belief, the pension payments were misappropriated by Ms. Nesbitt.

20.    The Pension Fund has made repeated requests for payment from Ms. Nesbitt for the misappropriated assets of the Pension Fund, to no avail.

21.    Ms. Nesbitt's retention of the $4,498.16 violates the terms of the Pension Fund's Plan Document, the Agreement and Declaration of Trust and ERISA.

### Count 1

### Claim of Pension Fund for Imposition of a Constructive Trust

22.    Paragraphs 1-21 are hereby incorporated as if set out in full.

23.    The Pension Fund seeks to impose a constructive trust, to the extent of benefits paid by the Pension Fund to Ms. Makel, after her death, in violation of plan terms, over the benefits misappropriated by Ms. Nesbitt.

WHEREFORE, Plaintiff Pension Fund prays:

a. That this Court declare that, under the terms of the Plan, the Pension Fund is entitled to impose a constructive trust in the full amount of benefits paid by the Pension Fund to Ms. Makel, after her death, in violation of plan terms, on the amounts misappropriated by Ms. Nesbitt, in equitable restitution of the benefits improperly extended to Ms. Makel;

b. That Ms. Nesbitt immediately and or permanently cease and desist from disposing of, or releasing, any money attributable to Ms. Makel's bank account to the extent of benefits paid by the Pension Fund to Ms. Makel, after her death, in equitable restitution of the misappropriated benefits;

c. That this Court grant further relief by requiring $4,498.16, representing the benefits extended by the Pension Fund to Ms. Makel, after her death, in violation of plan terms, to be held in escrow;

d. That Plaintiff be awarded interest at the legal rate from the date that Ms. Nesbitt became obligated to return the misappropriated benefits through the date of judgment;

e. That Plaintiff be awarded reasonable attorneys' fees, post judgment interest and its costs;

f. That the Court grant such further relief as the interest of justice may require.

Date: __April 2, 2019_____

/s/ Corey Smith Bott
Corey Smith Bott
Bar No. 25673

/s/ Shauna Barnaskas
Shauna Barnaskas
Bar No. 16755
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990

Attorneys for Plaintiffs